UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JD IRONS, JR.,

    Petitioner,

v.                           Case Nos.:  2:26-cv-740-SPC-NPM
                                            2:24-cr-37-SPC-NPM

UNITED STATES OF AMERICA,

    Respondent.

                              /

## OPINION AND ORDER

Before the Court is J.D. Irons, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[1] The Court has conducted a preliminary review of the motion as required by Section 2255 Rule 4. It plainly appears from the motion and the record of prior proceedings that Irons is entitled to no relief because the motion is untimely, but the Court will give Irons a chance to respond before denying the motion.

The United States charged Irons with possession of a firearm after having been convicted of crimes punishable by imprisonment for more than one year. (Cr-Doc. 1). Irons pleaded guilty, and the Court accepted the plea.

---

[1] The Court cites documents from Case No. 2:26-cv-740-SPC-NPM as "Doc. _" and documents from Case No. 2:24-cr-37-SPC-NPM as "Cr-Doc. _."

(Cr-Doc. 36). The Court sentenced Irons to a 180-month term of imprisonment. (Cr-Doc. 45). Irons did not appeal, so his conviction became final on November 12, 2024—fourteen days after the entry of judgment, when the time to file a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Adkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted.").

Irons now seeks § 2255 relief on the ground that his attorney failed to file a motion to suppress certain evidence and failed to object to career offender status at sentencing. The time to file a § 2255 motion is generally one year from the date the conviction became final. 28 U.S.C. § 2255(f). There are three other potential trigger dates for the statute of limitations, *see* 28 U.S.C. § 2255(f)(2)-(4), but none of them appear applicable here. Thus, it appears the window for Irons to seek § 2255 relief closed on November 12, 2025. At the earliest, Irons constructively filed his motion on February 28, 2026.

Irons' motion appears to be time-barred. But before denying the motion as untimely, the Court will give the parties an opportunity to address the issue. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that district courts may consider the timeliness of post-conviction petitions *sua sponte* but must give the parties fair notice and an opportunity to present their positions). The parties may submit written arguments on the timeliness of Irons's § 2255

2

motion on or before **April 15, 2026**.  **Otherwise, the Court will deny the motion as untimely.**

 **DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record